**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

JONATHAN M. GREENE,
　　　　*Plaintiff-Appellant,*

v.

CONSOLIDATED FREIGHTWAYS
CORPORATION OF DELAWARE,
　　　　*Defendant-Appellee.*

No. 99-2646

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-99-384-2)

Argued: December 7, 2000

Decided: January 23, 2001

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

**ARGUED:** Judd B. Mendelson, STEINGOLD & MENDELSON, Portsmouth, Virginia, for Appellant. James Willard Walker, Glen Allen, Virginia, for Appellee. **ON BRIEF:** James W. Morris, III, Robert J. Toy, MORRIS & MORRIS, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jonathan M. Greene appeals an order of the district court granting summary judgment to Consolidated Freightways Corporation of Delaware (Consolidated) in Greene's action concerning an injury he suffered while working as a police officer for the City of Chesapeake, Virginia. Finding no error, we affirm.

### I.

The record, viewed in the light most favorable to Greene, demonstrates the following. Greene and twelve other officers traveling on bicycles were passed very closely by a tractor-trailer driven by Delmar Parker for Consolidated Freightways Corporation of Delaware. Parker did not slow down as he passed the officers in their lane and sounded his horn for three or four seconds. Several of the officers approached the vehicle when Parker stopped at a traffic light. Parker was asked to produce his driver's license and to pull his vehicle to the side of the road, but he refused. When he was asked to exit the cab, he rolled his window up. In response to Parker's recalcitrance, Chesapeake Officer Terrance Myers entered the cab from the passenger side.

Greene, who had been near the rear of the bicycle group, then arrived on the scene. His fellow officers had surrounded the truck on all sides, including in the front, where officers were standing on the ground straddling their bicycles. As Greene reached the tractor-trailer, the gears of the truck engaged. At that point, Greene proceeded to the driver's side of the cab, opened the door, and told Parker, "This is the last time you're going to be told to step from the cab." J.A. 19 (internal quotation marks omitted). Parker took the truck out of gear but refused to exit. Greene then put a "control hold" on Parker, and began to drag him out of the truck. *Id.* When Parker's foot came off the

brake, however, the truck began to roll forward. Parker asked Greene to allow him to set the parking brake. Greene and Parker then went back into the cab and Parker engaged the parking brake.

As Greene was about to pull Parker from the cab, Greene realized that Parker would hit his head on the ground. Accordingly, Greene changed his position, planning to fall to the ground with Parker and use his own body to shield Parker from the impact with the ground below. When they fell, Parker indeed landed on Greene, and Greene injured his shoulder.

Greene filed suit in state court against Parker and Consolidated for damages suffered as a result of Parker's alleged negligence. Parker was dismissed from the suit during the litigation, and the action was removed to federal court. Consolidated subsequently moved for summary judgment, claiming that as a matter of law Greene's claim was barred by (1) the fireman's rule, (2) Greene's assumption of the risk of his injury, and (3) Greene's contributory negligence. The district court granted the motion, concluding as a matter of law (1) that the fireman's rule barred Greene's claim, (2) that Greene assumed the risk of injury when he decided to throw himself and Parker from the truck, and (3) that Parker's conduct did not proximately cause Greene's injury.

## II.

Greene does not dispute that he assumed the risk of his injury as a matter of law when he decided to pull Parker out of the truck and use his own body to shield Parker from hitting the ground. However, Greene argues that application of the rescue doctrine precludes a conclusion that his assumption of the risk defeats his claim as a matter of law. Greene maintains that he reasonably believed that his actions were necessary to protect the officers in front of the rig.

We review the grant of summary judgment de novo, viewing the disputed facts in the light most favorable to Greene. *See Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any mate-

rial fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A plaintiff assumes the risk of his injuries when he intentionally encounters a known danger. *See Young v. Lambert*, 482 S.E.2d 823, 826 (Va. 1997). The assumption of risk defense is limited, however, by the rescue doctrine, which allows a plaintiff to recover when he has placed himself in danger in order to protect others from "apparent immediate peril of death or serious bodily harm." *Commonwealth v. Millsaps*, 352 S.E.2d 311, 313 (Va. 1987); *see id.* at 313-14. The circumstances must be sufficiently dire "as to induce a reasonable belief that some person is in imminent peril." *Id.* at 314 (internal quotation marks omitted).

Here, Greene admitted in his deposition that Parker took the truck out of gear as soon as Greene entered the cab and before Greene put Parker into the control hold. Greene also admitted that Parker engaged the parking brake before Greene took Parker out of the vehicle. Notwithstanding that the vehicle was secured at that point, Greene contends that he knew that "Parker could engage and disengage[ ] the gears of the truck at will." Brief of Appellant at 20. However, once Greene had entered the cab and the truck was secured, there simply was no ground for a reasonable belief that the officers in front of the truck were in any immediate peril. Accordingly, the district court correctly held as a matter of law that the rescue doctrine did not apply and that Greene's recovery was barred by the doctrine of assumption of risk.* We therefore affirm the order of the district court granting summary judgment against Greene.

*AFFIRMED*

---

*Because we affirm the grant of summary judgment on this basis, we do not address Greene's arguments regarding the fireman's rule and proximate cause.